UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                   Case No. 8:22-cv-

APPROXIMATELY $208,740.00 IN UNITED
STATES CURRENCY,

     Defendant.

## **VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

The United States of America brings this complaint and alleges upon

information and belief, in accordance with Supp'l Rule G(2), Supplemental Rules for

Admiralty or Maritime Claims and Asset Forfeiture Actions, as follows:

## **NATURE OF THE ACTION**

1.     This is a civil action *in rem* to forfeit to the United States of America,

pursuant to 21 U.S.C. § 881(a)(6), approximately $208,740.00 in United States

currency seized on June 2, 2022, from a storage unit rented by Ayman Oriyanerass

at Extra Space Storage (the Defendant Currency).

## **JURISDICTION AND VENUE**

2.     The Court has subject matter jurisdiction over this action pursuant to 28

U.S.C. § 1345, which provides the Court with jurisdiction over all civil actions

commenced by the United States, and pursuant to 28 U.S.C. § 1355, which provides

the Court with jurisdiction over actions to recover or enforce forfeitures.

3.      This Court has *in rem* jurisdiction over the Defendant Currency because venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395.

4.      Venue is proper in the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1395(b), because the Defendant Currency was found and seized in this district.

## THE DEFENDANT *IN REM*

5.      The Defendant Currency consist of approximately $208,740.00 in United States currency seized by law enforcement on June 2, 2022, from storage unit 1513 rented by Ayman Oriyanerass at Extra Space Storage on 5045 W. Cypress Street, Tampa, Florida.

6.      Law enforcement officers determined that there was probable cause to believe that the currency constituted: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

7.      The Drug Enforcement Administration (DEA) took custody of the currency and deposited it into the Department of Justice Seized Asset Deposit Fund. As set forth in Supp'l Rule G(3)(b)(i), the Clerk of Court must issue a warrant to arrest the Defendant Currency if the funds are in the government's possession, custody, or control.

## BASIS FOR FORFEITURE

8.     The currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

9.     The facts and circumstances supporting the forfeiture of the Defendant Currency have been provided by DEA Task Force Officer Daniel De Grace, who states as follows.

### Awabb Kaheel Rents Storage Unit

10.     On March 19, 2022, Awabb Kaheel rented a storage unit (unit 501213, although numbered 5012 on the actual unit) at the Extra Space Storage located at 2460 South Falkenburg Road, Tampa, Florida. The monthly rental charge was $341.00 and Kaheel represented that he would be using the unit to store "lots of furniture." Kaheel's cell phone number was listed as (813) 508-XXXX.

### Ayman Oriyanerass Rents Storage Unit

11.     On April 25, 2022, Ayman Oriyanerass rented storage unit 1513 at the Extra Space Storage located at 5045 W. Cypress Street, Tampa, Florida. The monthly rental charge was $84.00, and Ayman Oriyanerass represented that he would be using the unit to store a "microwave, misc kitchen appliances, clothes,

[and] boxes." Ayman declared the property to be worth $2,000. Ayman's cell phone number was listed as (813) 436-XXXX. In the rental agreement, Ayman listed his brother Anas Oriyanerass as an "alternate contact" with a cell phone number of (813) 750-XXXX.

### Execution of Search Warrant on Storage Unit 1513

12.     On June 2, 2022, DEA and local law enforcement agents executed a search warrant on the Extra Space Storage unit 1513 rented by Ayman Oriyanerass.[1] Below is a picture of the door to the unit before it was opened.



---

[1] Law enforcement obtained the search warrant based, in part, on the fact that a confidential informant had earlier told them that Ayman Oriyanerass was distributing large quantities of marijuana that was being shipped from California to Tampa.

13.     When the agents opened the door to the 5' x 5' unit, they found two

carboard boxes and two plastic storage bins.



14.    Inside one of the cardboard boxes was a blue and black Nike bag.

 

15.    Inside the Nike bag, agents found the $208,740.00 bundled in rubber-bands.

 






16.    The denominations of the bills were as follows:

$100 X 255
$50 X 274
$20 X 8,116
$10 X 361
$5 X 531
$1 X 955

17.    The illegal drug trade is a cash business. Drug traffickers do not usually accept personal checks or credit cards. Those who deal in drug-tainted money cannot avail themselves of banks, because large deposits and suspicious activity would generate Currency Transaction Reports and/or Suspicious Activity Reports,[2] which are available to law enforcement.

18.    Inside the Nike bag, agents also found a prescription pill bottle bearing the name "Ayman Oriyanerass."



---

[2]  A Currency Transaction Report is a report that U.S. financial institutions are required to file with FinCEN (the Department of Treasury's Financial Crimes Enforcement Network) for each deposit, withdrawal, exchange of currency, or other payment or transfer, by, through, or to the financial institution for any transaction involving more than $10,000 in currency (cash). A Suspicious Activity Report is a report that financial institutions are required to file with FinCEN about suspicious or potentially suspicious activity.

19.     Inside the second cardboard box agents found a small bag which

contained a handgun.

 



20.     Firearms are tools of the illegal drug trade since those engaged in

trafficking often have valuable drugs and/or large amounts of currency in their

possession. This makes drug traffickers targets for robbers. Drug traffickers are reluctant to call the police if they are robbed. Therefore, they must rely on self-help.

21.    In one of the plastic storage bins, agents found mail and paperwork belonging to Ayman Oriyanerass.

22.    Agents did not find any paperwork or other items in the unit that had Anas Oriyanerass's name on it.





23.     Agents did not find the "microwave, misc kitchen appliances, [and/or] clothes" Ayman Oriyanerass claimed he would be storing in the unit when he rented it less than 6 weeks earlier.

**Execution of Search Warrant on Storage Unit rented by Awabb Kaheel**

24.     On June 2, 2022, DEA and local law enforcement agents executed a search warrant on the Extra Space Storage unit rented by Awabb Kaheel.  Below is a picture of the door to the unit before it was opened (unit 5012).



25.     When agents opened the door to the unit, they found that is contained several cardboard boxes—and only cardboard boxes. Even though Awabb Kaheel claimed he was renting the unit to store "lots of furniture", no furniture was in the unit.



26.     In the cardboard boxes, agents found and seized 210 vacuum-sealed plastic bags of marijuana. Marijuana traffickers often vacuum seal marijuana to keep it fresh.

 





27.     The marijuana and packaging weighed approximately 242 pounds. The amount of marijuana seized far exceeded what would be a "personal use" quantity and was consistent with distribution for profit.

28.     A latent palm print of Ayman Oriyanerass was found on one of the cardboard boxes containing marijuana.

29.    Phone records show that on 49 occasions between March 1, 2022, and April 19, 2022, the phone Awabb Kaheel listed when he rented the storage unit where the marijuana was found (813-508-XXXX) was in contact with the phone Ayman Oriyanerass listed when he rented the storage unit where the currency was found (813-436-XXXX).

30.    Between January 2012 and June 2022, Florida Department of Revenue records show Ayman Oriyanerass had only $1,231.84 in wages. The Department is responsible for registering employers and collecting reemployment tax and wage reports.

31.    On September 2, 2022, Anas Oriyanerass signed a claim declaring under penalty of perjury that the $208,740.00 in United States currency seized from the storage unit was "left to [Anas] by his father, prior to the father moving back to Morocco approximately 3 years ago." Anas Oriyanerass went on to state that his "father was an immigrant who worked hard and saved to leave for his son's support." Anas Oriyanerass claimed that he was "a student and relie[d] on his family for financial support." His brother, Ayman Oriyanerass, did not file a claim to the currency. Interestingly, Extra Space Storage's surveillance video shows that Anas Oriyanerass never entered the unit rented by his brother before the currency was seized. Surveillance video shows Ayman Oriyanerass accessed the unit numerous times prior to the execution of the search warrant.

14

**Summary**

32.     In short, (1) the sheer quantity of cash, (2) the way the cash was stored, (3) the fact that the currency and Ayman Oriyanerass can be "linked" to the marijuana via phone records and Ayman's palm print, (4) the possession of a firearm (a "tool of the drug trade"), and (5) the lack of sufficient legitimate income, support a finding that the Defendant Currency is connected to a controlled substance violation.

**<u>CONCLUSION</u>**

33.     As required by Supp'l Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, probable cause exists to believe that the currency constitutes: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act and are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, pursuant to Supp'l Rule G, Plaintiff United States of America respectfully requests that process of forfeiture be issued against the Defendant Currency; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that the Defendant Currency be forfeited to

the United States for disposition according to law; and that the United States have such other and further relief as this case may require.

Dated: October 19, 2022          Respectfully Submitted,

ROGER B. HANDBERG
United States Attorney

By: _____

JAMES A. MUENCH
Assistant United States Attorney
Florida Bar Number 472867
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
E-mail: james.muench2@usdoj.gov

16

## **VERIFICATION**

I, Daniel De Grace, hereby verify and declare under penalty of perjury, that I am a Task Force Officer with the Drug Enforcement Administration, and pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case together with other DEA Task Force Officers and Special Agents.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 19 day of October, 2022.

Daniel De Grace, Task Force Officer
Drug Enforcement Administration